IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| *In re:* | Chapter 15 |
| ARXX CORPORATION, *et al*,[1] | Case No. 13-13313 (KJC) |
| Debtors in a Foreign Proceeding. | (Jointly Administered) |
| | Ref. Docket No. 7 |

## ORDER GRANTING PROVISIONAL RELIEF
## IN AID OF THE CANADIAN PROCEEDING

**THIS MATTER** was brought before the Court by Duff & Phelps Canada Restructuring Inc., the court-appointed receiver (the "**Receiver**") and authorized foreign representative of ARXX Corporation; ARXX Building Products Inc.; ARXX Building Products U.S.A. Inc.; ECB Holdings, LLC; APS Holdings, LLC; Unisas Holdings, LLC; and Eco-Block International, LLC (collectively, the "**ARXX Debtors**"). The ARXX Debtors are in a proceeding (the "**Canadian Proceeding**") under Canada's *Bankruptcy and Insolvency Act*, R.S.C. 1985, c. B-3, as amended, pending before the Ontario Superior Court of Justice, Commercial List.

The Receiver commenced the the above-captioned cases (the "**Chapter 15 Cases**") under chapter 15 of title 11 of the United States Code, 11 U.S.C. §§ 101–1532 (as amended, the "**Bankruptcy Code**") with the filing of petitions on behalf of the ARXX Debtors pursuant to sections 1504 and 1515 [Docket Nos. 1-7] and the *Verified Petition for Recognition*

---

[1]    The last four digits of the United States Tax Identification Number, or similar foreign identification number, as applicable, follow in parentheses:  ARXX Corporation (3572); ARXX Building Products Inc. (3569); ARXX Building Products U.S.A. Inc. (1061); ECB Holdings, LLC (3572); APS Holdings, LLC (3572); Unisas Holdings, LLC (3572); and Eco-Block International, LLC (3572).  The ARXX Debtors' executive headquarters is located at 800 Division Street, Cobourg, ON, Canada K9A 5V2.

01:14603241.7

*of Foreign Proceeding and Related Relief and Motion for Provisional Relief in Aid of Canadian Proceeding*, dated December 27, 2013 [Docket No. 8] (the "**Chapter 15 Petitions**").

The Receiver filed a *Motion for Provisional Relief* on December 27, 2013 (the "**Motion**")[2] seeking the entry of an order (i) staying execution against the ARXX Debtors' assets in the United States pursuant to section 1519(a)(1) of the Bankruptcy Code and (ii) applying sections 362 and 365(e) of the Bankruptcy Code in these Chapter 15 Cases on a provisional basis pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code.

At a hearing held on December 30, 2013, the Court considered and reviewed the Motion, the Chapter 15 Petitions, and the other pleadings and exhibits submitted by the Receiver in support of the Motion. Any objections to the Motion that have not been withdrawn or resolved have been overruled.

After due deliberation and sufficient cause appearing therefore, the Court finds and concludes as follows:

I.  The findings and conclusions set forth herein constitute the Court's findings of fact and conclusions of law pursuant to Bankruptcy Rule 7052, made applicable to this proceeding pursuant to Bankruptcy Rule 9014. To the extent any of the following findings of fact constitute conclusions of law, they are adopted as such. To the extent any of the following conclusions of law constitute findings of fact, they are adopted as such.

II. This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334, section 1501 of the Bankruptcy Code, and the *Amended Standing Order of Reference from the United States District Court for the District of Delaware* dated as of February 29, 2012. This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(P) and the Court may enter a final order consistent with Article III of the United States Constitution. Venue for this proceeding is proper before this Court pursuant to 28 U.S.C. § 1410(3).

III. The Receiver has demonstrated a substantial likelihood of success on the merits that (i) the ARXX Debtors are subject to a pending "foreign main proceeding" as that term is defined in section 1502(4) of the Bankruptcy

---

[2]   Capitalized terms used, but not otherwise defined herein, have the meanings given to them in the Motion.

Code; (ii) the Receiver is a "foreign representative" as that term is defined in 101(24) of the Bankruptcy Code; and (iii) all statutory elements for recognition of the Canadian Proceeding are satisfied in accordance with section 1517 of the Bankruptcy Code.

IV.   The Receiver has demonstrated that (i) the commencement of any proceeding or action against the ARXX Debtors and their respective businesses and assets should be enjoined pursuant to sections 105(a), 1519, and 1521 of the Bankruptcy Code; (ii) that the application of sections 362 and 365(e) of the Bankruptcy Code in the Chapter 15 Cases is necessary to permit the fair and efficient administration of the Canadian Proceeding and to allow the Receiver to consummate an orderly sale of the assets of the ARXX Debtors; and (iii) the relief requested will not cause either an undue hardship nor create any hardship to parties in interest that is not outweighed by the benefits of the relief granted herein.

V.    The Receiver has demonstrated that unless this Order is issued, there is a material risk that one or more parties in interest may take action against the ARXX Debtors and their respective businesses and assets, thereby interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code and causing harm to the Receiver's effort to consummate a sale and maximize the value of the ARXX Debtors' assets. As a result, the ARXX Debtors will suffer immediate and irreparable harm for which they will have no adequate remedy at law and, therefore, it is necessary that the Court grant the relief requested without prior notice to parties interest or their counsel.

VI.   Further, unless this Order issues, the assets of the ARXX Debtors located in the United States could be subject to efforts by creditors to control, possess, or execute upon such assets and such efforts could result in the ARXX Debtors suffering immediate and irreparable injury, loss, or damage by, among other things, (i) interfering with the jurisdictional mandate of this Court under chapter 15 of the Bankruptcy Code and (ii) interfering with or undermining the success of the Canadian Proceeding and the ARXX Debtors' efforts to pursue and consummate a sale of their businesses for the benefit of all their stakeholders.

VII.  The Receiver has demonstrated that, without the protection of section 365(e) of the Bankruptcy Code, there is a material risk that counterparties to certain of the ARXX Debtors' agreements may take the position that the commencement of the Canadian Proceeding authorizes them to terminate such contract or accelerate obligations thereunder.  Such termination or acceleration, if permitted and valid, could severely disrupt the ARXX Debtors' operations, result in irreparable damage to the value of the ARXX Debtors' businesses, and cause substantial harm to the ARXX Debtors' creditors and other parties in interest.

VIII.   The Receiver has demonstrated that no injury will result to any party that is greater than the harm to the ARXX Debtors' businesses, assets, and property in the absence of the requested relief.

IX.   The interests of the public will be served by entry of this Order.

**NOW, THEREFORE, IT IS HEREBY ORDERED AS FOLLOWS:**

1.   The Motion is granted as set forth herein.

2.   Pending entry of a recognition order pursuant to 11 U.S.C. §1521, sections 362 and 365(e) of the Bankruptcy Code shall apply in the Chapter 15 Cases, and this Order shall operate as a stay of execution against the ARXX Debtors and their respective businesses and assets within the territorial jurisdiction of the United States pursuant to section 1519(a)(1) of the Bankruptcy Code. Specifically, all persons and entities are hereby enjoined from (a) continuing any action or commencing any additional action involving the ARXX Debtors, their assets, or the proceeds thereof, or their former, current, or future directors or officers; (b) enforcing any judicial, quasi-judicial, administrative, or regulatory judgment, assessment, order, or arbitration award against the ARXX Debtors or their respective assets; (c) commencing or continuing any action to create, perfect, or enforce any lien, setoff, or other claim against the ARXX Debtors or their respective assets; or (d) managing or exercising control over the ARXX Debtors' assets located within the territorial jurisdiction of the United States, except as expressly authorized by the ARXX Debtors in writing.

3.   Notwithstanding anything to the contrary contained herein, this Order shall not be construed as (a) enjoining the police or regulatory act of a governmental unit, including a criminal action or proceeding, to the extent not stayed under section 362 of the Bankruptcy Code; (b) staying the exercise of any rights that sections 362(o) and 1519(f) of the Bankruptcy Code do not allow to be stayed; or (c) limiting, abridging, or otherwise affecting the rights afforded to Comerica pursuant to paragraphs 22-25 of the Receivership Order.

4.     Any party in interest may make a motion seeking relief from, or modification of, this Order, by filing a motion on not less than seven (7) business days' written notice to (i) counsel for the Receiver, and (ii) counsel for Comerica Bank, and the Court will hear such motion on a date to be scheduled by the Court.  Notices to counsel for the Receiver should be addressed to Young Conaway Stargatt & Taylor, LLP, Rodney Square, 1000 North King Street, Wilmington, Delaware 19801, Attention: Matthew B. Lunn.  Notices to counsel for Comerica should be addressed to McMillan LLP, Brookfield Place, 181 Bay Street, Suite 4400, Toronto, ON, M5J 2T3, Attention: Brett Harrison.

5.     Notwithstanding any provision in the Bankruptcy Rules to the contrary:  (i) this Order shall be effective immediately and enforceable upon entry; (ii) the Receiver shall not be subject to any stay in the implementation, enforcement, or realization of the relief granted in this Order; and (iii) the Receiver is authorized and empowered, and may in its discretion and without further delay, take any action and perform any act necessary to implement and effectuate the terms of this Order.

6.     Pursuant to Rule 65(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings pursuant to Bankruptcy Rule 7065, no notice to any person is required prior to entry and issuance of this Order.  Pursuant to Bankruptcy Rule 7065, the provisions of Rule 65(c) of the Federal Rules of Civil Procedure are hereby waived, to the extent applicable. Notice of the Motion as set forth therein is adequate and sufficient service and notice of the Motion and this Order, and no other or further notice need be provided.

7.    This Court shall retain jurisdiction with respect to any and all matters relating to
the interpretation or implementation of this Order.

Dated: _____Dec    30_____, 2013
            Wilmington, Delaware

_____
United States Bankruptcy Judge